UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| VALERIE ANZOVINO, | No. |
| Plaintiff, | |
| -against- | COMPLAINT |
| WINGATE OF DUTCHESS, INC. | Plaintiff Demands Trial by Jury |
| Defendant. | |

Plaintiff Valerie Anzovino ("Plaintiff"), by and through her attorneys Levine & Blit, PLLC, complaining of defendant Wingate of Dutchess, Inc. ("Defendant"), hereby alleges:

## NATURE OF THE ACTION

1. This civil action is brought to remedy unpaid overtime wages in willful violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"); unpaid overtime wages in violation of the New York Labor Law ("NYLL"); unpaid bonus compensation in violation of the NYLL; and violations of the Wage Theft Prevention Act ("WTPA") sections 195(1) and 195(3) of the NYLL.

2. Plaintiff seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendant's unlawful conduct, including unpaid overtime wages and bonuses; an award of liquidated damages under the FLSA and Labor Law; statutory damages pursuant to the WTPA; prejudgment interest; Plaintiff's reasonable attorney's fees; costs of this action; and any such other and further relief this Court deems just and equitable.

1

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of New York.

## THE PARTIES

5. Plaintiff is a citizen of the State of New York.

6. Defendant is a domestic corporation duly organized and existing in the State of the New York with its principal place of business located at 3 Summit Court, Fishkill, New York 12524.

7. Defendant is a health care facility offering nursing home services in Fishkill, New York.

8. At all times relevant to this Complaint, Defendant controlled the terms and conditions of Plaintiff's employment, including, but not limited to her duties, responsibilities, hours worked, and compensation.

9. At all times relevant to this action, Defendant was an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. §§ 203(r) and (s), and, thus, an entity covered by the FLSA.

10. Defendant has (a) employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

11. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of applicable federal and state statutes and regulations.

12. At all times relevant to this action, Defendant was an "employer" of Plaintiff within the meaning of applicable federal and state statutes and regulations.

## FACTUAL ALLEGATIONS

13. In or around 2010, Ms. Anzovino was hired by Defendant to work as a Regional Admissions Coordinator.

14. At all times relevant to this action, Defendant willfully misclassified Plaintiff as an employee exempt from overtime.

15. Plaintiff's job duties include assisting patients with filling out admissions paperwork, admitting patients to the clinic, liaising with nurses, and reviewing the insurance coverage of prospective patients.

16. All decisions about denying admission to prospective patients were made by Plaintiff's supervisors.

3

17. At all times relevant to this action, Plaintiff did not have the authority to hire or fire employees on behalf of Defendant.

18. At all times relevant to this action, Plaintiff did not regularly exercise discretion or independent judgment with respect to matters of significance.

19. Plaintiff was not paid on a salary basis at all times relevant to this action.

20. From about 2010 through July 2021, Plaintiff regularly worked 7 days a week.

21. Monday through Friday, Plaintiff typically worked from 8 A.M. until 4:30 P.M. each day.

22. On Saturdays and Sundays, Plaintiff was required to be on call for prospective admissions and work related thereto from 8 A.M. until 4 P.M. each day.

23. From 2010 until about mid-April 2019, Defendant did not compensate Plaintiff with any additional pay for her time worked in excess of forty hours in a work week, including the weekend on call hours.

24. Beginning in about mid-April 2019, Defendant began compensating Plaintiff with bonus compensation for being on call during the weekend; specifically, $75 per

day for working the weekend on call hours, plus $35 for every patient admitted on a weekend day that Plaintiff worked.

25. For example, during the work week of June 20, 2021 through June 26, 2021, Plaintiff worked from 8 A.M. until 4:30 P.M. on Monday through Friday, and was on call from 8 A.M. until 4 P.M. on Saturday and Sunday for a total of 58.5 hours worked.

26. Despite working in excess of forty hours during the work week of June 20, 2021 through June 26, 2021, Defendant did not pay any overtime wages to Plaintiff.

27. Between mid-April 2019 and July 2021, Defendant paid Plaintiff bonus compensation for weekend on call work and weekend patient admissions.

28. However, in July 2021, Defendant abruptly stopped paying bonuses for Plaintiff's weekend on call work and weekend patient admissions, including bonuses that were due to Plaintiff for bonuses already earned.

29. As a result of Defendant's unlawful pay practices and the willful misclassification of Plaintiff as an exempt employee, Plaintiff was denied overtime wages and bonuses otherwise earned and due.

30. Defendant did not provide Plaintiff with the proper notices and wage statements required by Sections 195(1) and 195(3) of the NYLL.

31. Defendant did not maintain contemporaneous and accurate time records for the time worked by Plaintiff.

32. Defendant is aware or should be aware that its pay practices are in violation of the FLSA and NYLL, but continue to willfully engage in these unlawful pay practices.

33. As a result, Plaintiff has suffered substantial economic losses, resulting from Defendant's failure to pay overtime wages.

### FIRST CAUSE OF ACTION AGAINST DEFENDANT
### (Unpaid Overtime Wages in Violation of the FLSA)

34. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 33, as if fully set forth herein.

35. Defendant is the employer of Plaintiff within the meaning of the FLSA.

36. Plaintiff is a non-exempt employee of Defendant pursuant to the FLSA.

37. Plaintiff works in excess of forty (40) hours per week for Defendant on a weekly basis, as described above, but is denied overtime wages for all hours worked beyond 40 per week.

38. Defendant was aware or should have been aware that the practices described in this Complaint are unlawful and it has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

39. As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer economic damages in the form of unpaid overtime wages in an amount to be determined at trial and is entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

### SECOND CAUSE OF ACTION AGAINST DEFENDANT
### (Unpaid Overtime Wages in Violation of the NYLL)

40. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 39, as if fully set forth herein.

41. Defendant is the employer of Plaintiff within the meaning of the NYLL.

42. Plaintiff is a non-exempt employee of Defendant pursuant to the NYLL.

43. Plaintiff works in excess of forty (40) hours per week for Defendant on a weekly basis, as described above, but is denied overtime wages for hours worked over 40.

44. Defendant was aware or should have been aware that the practices described in this Complaint are unlawful and it has not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

45. As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer economic damages in the form of unpaid overtime wages in an

amount to be determined at trial and is entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the NYLL.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT
### (Unpaid Bonuses in Violation of the NYLL)

46. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 45, as if fully set forth herein.

47. Defendant is the employer of Plaintiff within the meaning of the NYLL.

48. Plaintiff is a non-exempt employee of Defendant pursuant to the NYLL.

49. Pursuant to the acts and practices alleged herein, Plaintiff was denied bonus compensation due and earned.

50. Defendant was aware or should have been aware that the practices described in this Complaint are unlawful and it has not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

51. As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer economic damages in the form of unpaid bonuses in an amount to be determined at trial and is entitled to recover the value of those unpaid bonuses plus an equivalent amount of liquidated damages pursuant to the NYLL.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANT
### (Violation of NYLL § 195(1))

52. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 51, as if fully set forth herein.

53. Defendant failed to furnish to Plaintiff the information required NYLL § 195(1) at the time of her changes in compensation, including her hourly overtime rate, or at the time of the change in bonus structure, or any time thereafter.

54. Due to Defendant's violations of the NYLL § 195(1), Plaintiff is entitled to recover statutory damages not to exceed $5,000.00 plus attorney's fees and the costs of this action.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Violation of NYLL § 195(3))

55. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 54, as if fully set forth herein.

56. Defendant has failed to furnish Plaintiff with each payment of wages a statement that complies with statutory requirements under NYLL § 195(3), including identification of overtime rate and overtime hours worked.

57. Due to Defendant's violation of NYLL § 195(3), Plaintiff is entitled to recover statutory damages from Defendant not to exceed $5,000.00 plus attorney's fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment containing the following relief:

- a) An order declaring Defendant has violated the provisions of the FLSA and NYLL;

- b) An order enjoining Defendant from engaging in the unlawful activities alleged above;

- c) An award of monetary damages for Plaintiff's economic losses including unpaid overtime wages and unpaid bonuses;

- d) An award of liquidated damages to Plaintiff under both the FLSA and the NYLL in an amount equal to the total amount of unpaid overtime wages and unpaid bonuses;

- e) An award of statutory damages pursuant to the WTPA;

- f) An award of prejudgment interest on the total amount of unpaid wages owed to Plaintiff pursuant to the NYLL;

- g) An award of Plaintiff's reasonable attorneys' fees pursuant to the FLSA and the NYLL;

- h) An award of the Plaintiff's costs of this action; and

- i) Any such other and further relief this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: September 13, 2021
New York, New York

LEVINE & BLIT, PLLC

Justin S. Clark
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 3601
New York, NY 10118
Tel. (212) 967-3000
jclark@levineblit.com

11