UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

VALERIE ANZOVINO,

                              Plaintiff,                          **DECISION AND ORDER**

        -against-                                   21 Civ. 7625 (AEK)

WINGATE OF DUTCHESS, INC. and
WINGATE HEALTHCARE, INC.,

                              Defendants.
-------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.[1]**

      Plaintiff Valerie Anzovino commenced this action on September 13, 2021, ECF No. 1, and on November 23, 2022, filed the Amended Complaint, which asserts claims against Defendants Wingate of Dutchess, Inc. and Wingate Healthcare, Inc. for wage and hour violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") based on Defendants' alleged failure to pay overtime wages, failure to pay bonuses, failure to provide wage notices, and failure to provide wage statements, ECF No. 44. Before the Court is the parties' application for approval of a settlement agreement in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). ECF No. 52 ("*Cheeks* Application" or "Application"). For the reasons that follow, the motion for approval of the proposed settlement agreement is DENIED without prejudice.

---

[1] The parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 17.

**DISCUSSION**

In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the [United States] Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020). Thus, a district court in this Circuit must review a proposed FLSA settlement and determine whether it is fair and reasonable. *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20-cv-7131 (KMK), 2021 WL 38264, at *2 (S.D.N.Y. Jan. 5, 2021). When reviewing a proposed settlement agreement in an FLSA case, district courts consider the "totality of circumstances," *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), to assess whether the agreement is fair and reasonable, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Fisher*, 948 F.3d at 600 (quoting *Wolinsky*, 900 F. Supp. 2d at 335). In addition, the following factors "weigh against approving a settlement":

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (quotation marks omitted). "[T]here is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St. Marks,*

*Inc.*, Nos. 14-cv-9063, 15-cv-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quotation marks omitted).

Having reviewed the parties' submissions in support of the proposed settlement, having presided over a settlement conference in this matter—a process that involved extensive discussion with the parties about the merits of the case and Defendants' severe lack of financial resources—and having considered the totality of the circumstances, the Court finds that the parties' proposed settlement agreement, with one exception set forth below, is fair and reasonable.

All five *Wolinsky* factors weigh in favor of approval.  First, the settlement agreement provides for a total settlement payment of $10,000, with $6,400 payable to Plaintiff and $3,600 payable to Plaintiff's counsel as attorneys' fees and costs.  Although Plaintiff maintains that she would have been entitled to many multiples of this amount were she to succeed at trial, *Cheeks* Application at 2, she acknowledges that regardless of the merits of her position, she may be unable to collect any judgment obtained against Defendants.  Defendants, through counsel, have made clear to both Plaintiff's counsel and the Court that "Defendants are no longer a going concern and have substantial debts owed to third parties," *id.* at 2-3; and Plaintiff's sophisticated counsel has had ample opportunity to consider and evaluate Defendants' representations.  This has led to the understandable conclusion that "there is substantial risk that any judgment Plaintiff [may obtain] would be worthless."  *Id.* at 3.  "Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable."  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (collecting cases); *see Fuentes v. Highgate Cleaners Inc.*, No. 20-cv-3925 (OTW), 2022 WL 14717835, at *2 (S.D.N.Y. Oct. 25,

2022) ("Litigation costs aside, one of the main driving factors in approving the settlement agreement is Defendants' assertion of a limited ability to pay.").

Second, the settlement will enable the parties to avoid significant additional expenses and burdens associated with establishing their claims and defenses.  While the parties have conducted some discovery to date, the parties have not taken any depositions in this matter nor have they engaged in dispositive motion practice, all of which likely would have occurred before trial here. *See Cheeks* Application at 16-17 (listing work performed by Plaintiff's counsel to date).

Third, all parties would have faced significant litigation risks if this case had proceeded to trial.  Defendants generally deny Plaintiff's claims and assert that there is evidence contradicting Plaintiff's contentions regarding the number of hours she worked, whether Plaintiff was exempt from overtime on account of being an "administrative employee," whether Plaintiff's weekend work was compensable, whether Defendant Wingate Healthcare, Inc. was her joint employer, and whether Defendants are subject to liquidated damages.  *See id.* at 1-2.  In addition, and as already referenced, Plaintiff acknowledges the possibility that even if she could prove liability and damages against Defendants, she may not be able to collect any judgment due to Defendants' financial situation.  *Id.* at 2-3.  This weighs in favor of approving a settlement. *See, e.g.*, *Flores v. Dynamic Wireless NYC LLC*, No. 21-cv-6160 (OTW), 2022 WL 3363584, at *2 (S.D.N.Y. July 1, 2022).  Because of the anticipated risks and costs involved in pursuing this matter through discovery and trial, settlement is an effective means of resolving the litigation for both parties.

Fourth, the Court presided over a settlement conference and observed firsthand that the proposed settlement is the product of arm's-length bargaining between experienced counsel.

Fifth, the Court has no reason to believe that the proposed settlement is the product of fraud or collusion.

Moreover, none of the factors set forth in *Wolinsky* that weigh against approving a settlement exist in this case.  This is a case involving an individual plaintiff—the Court is not aware of other employees who are similarly situated to Plaintiff, and Plaintiff will be the only employee affected by the settlement and dismissal of the lawsuit.  Given that the employment relationship between Plaintiff and Defendants has ended, and that Defendants are no longer operating, there is no likelihood that the circumstances that gave rise to this lawsuit will recur. Further, the Court is not aware of a history of FLSA non-compliance by these employers, and the complaint in this matter does not appear to raise novel factual or legal issues that would further the development of law in this area.

The "Release of all Wage and Hour Claims" section of the proposed settlement agreement is appropriately limited to the wage-and-hour claims asserted in this action and related claims that could have been asserted.  *See Illescas v. Four Green Fields LLC*, No. 20-cv-9426 (RA), 2021 WL 1254252, at *1 (S.D.N.Y. Apr. 5, 2021).  One clause of the waiver and release paragraph could, at first glance, be read as an overbroad release, inasmuch as it describes the Plaintiff's release as including claims related to "any and all wage and hour actions, causes of actions, suits, debts, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, and expenses . . . , of any nature whatsoever, in law or equity . . . ." *Cheeks* Application at 8 ¶ 5.  But this language must be understood in context with the remainder of the waiver and release paragraph, which states that Plaintiff is only releasing Defendants from any claims "*arising from any purported wage and hour violation*[.]"  *Id.* (emphasis added).  It is apparent to the Court that the phrase "wage and hour" at the beginning of the above-quoted

portion of paragraph 5 of the proposed settlement agreement acts as a modifier of every

successive noun in that sentence, and not just as a modifier of "actions."  In other words, the

release pertains to any wage and hour actions, any wage and hour causes of action, any wage and

hour suits, any wage and hour debts, and so on.  The inclusion of the other nouns in that sentence

must not be read to expand the scope of the release provision beyond any potential wage and

hour claims.  This reading is also consistent with the title of this paragraph, "Release of all *Wage

and Hour Claims*."  *Id.* (emphasis added).

Another provision of the proposed settlement agreement, however, contains problematic

language that precludes Court approval of the parties' application at this time.  In paragraph 2(c)

of the proposed agreement, the parties have included a sentence which amounts to an

impermissible non-solicitation provision.  The provision states, in relevant part, that "Anzovino

agrees not to participate voluntarily in, or aid any other party in connection with, any lawsuit or

proceeding of any kind brought or asserted by any person against [Defendants], or any other

entity or person released herein."  This language—requiring Plaintiff not to "participate

voluntarily in . . . any lawsuit or proceeding of any kind brought or asserted by any person

against [Defendants]"—would effectively "bar a[n] FLSA plaintiff from cooperating with other

claimants" and is the sort of provision that "courts routinely reject" in FLSA settlements.  *See

Ramirez v. Columbus Rest. Fund IV, LLC*, No. 20-cv-8053 (VSB), 2022 WL 429089, at *3

(S.D.N.Y. Jan. 10, 2022) (finding provision requiring plaintiff to agree not to ". . . participate in

any [p]roceeding, including but not limited to providing any information to a person bringing a

[p]roceeding against [r]eleasees" except as required by law to be "impermissibly chilling")

(collecting cases); *see also Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 178 (S.D.N.Y.

Mar. 30, 2015) (finding provisions that "bar plaintiffs from openly discussing their experiences

litigating this wage-and-hour case" to "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair") (quotation marks omitted).  If the parties delete this language from the proposed settlement agreement, the Court will be able to approve the remainder of the agreement.

With respect to attorneys' fees and costs, the proposed settlement provides for Plaintiff's counsel to receive $3,200 in fees—exactly one-third of the total settlement amount, net of costs—as well as $400 in costs, for a total of $3,600.  "Courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Santos v. YMY Mgmt. Corp.*, No. 20-cv-1992 (JPC), 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021) (cleaned up).  "However, even when the proposed fees do not exceed one third of the total settlement amount, courts in this Circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* (quotation marks omitted).  Appropriately, Plaintiffs' counsel has submitted contemporaneous time records and hourly rate information to substantiate the fee application. *Cheeks* Application at 16-18; *see Fisher*, 948 F.3d at 600 ("The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs.").

Applying the lodestar method, Plaintiffs' counsel claims to have spent a total of 46.2 hours on this case at an hourly rate of $400, which would have yielded a total lodestar fee of $18,480.[2] *See Cheeks* Application at 17.  The proposed attorneys' fee of $3,200 represents approximately 17 percent of the lodestar amount, which is fair and reasonable given the facts and circumstances of this case. *See Fuentes*, 2022 WL 14717835, at *2 (finding attorneys' fees award to be reasonable where "fees award is less than Plaintiff's counsel's stated lodestar");

---

[2] Because the Court finds the requested fees to be reasonable, it will not address whether the specific rates charged and number of hours expended on this case, as reflected in Plaintiff's counsel's billing records, are themselves reasonable.

*Gervacio v. ARJ Laundry Servs., Inc.*, No. 17-cv-9632 (AJN), 2019 WL 330631, at *3 (S.D.N.Y. Jan. 25, 2019) ("The true lodestar amount is [ ] greater than the fee award contained in the settlement agreement.  As a result, the Court does not disturb the calculation of attorneys' fees[.]").

In addition, Plaintiffs' counsel seeks to recover costs of $400 for the court filing fee.  *See Cheeks* Application at 18.  Counsel in FLSA cases may be awarded reasonable out-of-pocket expenses that are properly substantiated.  *See, e.g.*, *Cortes v. New Creators, Inc*., No. 15-cv-5680 (PAE), 2016 WL 3455383, at *6 (S.D.N.Y. June 20, 2016) ("[c]ourt fees reflected on the Court's docket are sufficiently substantiated").  Here, the court filing fee of $402 is reflected on the docket, and therefore the Court finds that the request for costs of $400 is reasonable, sufficiently substantiated, and "of the type commonly reimbursed by courts in this District."  *Id.*

## CONCLUSION

For the reasons set forth above, the Court finds the proposed settlement to be fair and reasonable, with the exception of paragraph 2(c) of the proposed settlement agreement.  The parties are hereby directed to modify that provision as set forth above and re-file the proposed settlement agreement on or before January 27, 2023 for the Court's review and approval.  When the parties resubmit the proposed settlement agreement, they must identify in a cover letter any

provisions that have been modified from the version submitted at ECF No. 52.  In addition, the

parties are directed to submit a proposed stipulation of dismissal to be so-ordered by the Court.[3]

Dated: January 20, 2023
       White Plains, New York

                                        **SO ORDERED.**

                                        _____
                                        ANDREW E. KRAUSE
                                        United States Magistrate Judge

---

[3] Although the proposed settlement agreement states that a stipulation of dismissal is attached to the agreement, *see Cheeks* Application at 8 ¶ 2(b), no such form is attached to the version of the proposed agreement submitted to the Court at ECF No. 52.